IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| SEV1TECH, LLC, | * | |
| Interpleader Plaintiff, | * | |
| v. | * | Civil Case No. SAG-21-1500 |
| NETORIAN, LLC, *et al.*, | * | |
| Interpleader Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

On June 8, 2022, this Court granted an order of interpleader, reserving a decision on Interpleader Plaintiff Sev1Tech, LLC's ("Sev1Tech") request for attorney's fees and costs. ECF 38. This Court's Letter Order explained the very narrow categories of fees and costs that might be compensable and ordered Sev1Tech to file a supplement in which it "should be mindful of the limited categories of tasks that are properly compensable and should ensure that it requests fees only for that specified work." *Id.* Instead, two days later, Sev1Tech simply filed all of its bills in this matter, making no attempt to narrow its request for fees as ordered by this Court. ECF 39. Interpleader Defendant Netorian, LLC ("Netorian") has opposed any award of fees or costs. ECF 42. This Court has considered all of the filings, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth herein, Sev1Tech's request for an award of fees and costs will be denied.

As this Court explained in its Letter Order, nothing in the interpleader statute or in Rule 22 of the Federal Rules of Civil Procedure mandates or even authorizes an award of fees and costs to stakeholders in interpleader actions. ECF 38. However, other courts have granted such awards in appropriate circumstances, to encourage the filing of interpleader actions in the interest of judicial

efficiency. Courts that have granted these awards have taken pains to ensure that they be modest by limiting them to fees for specific categories of tasks, such as "preparation of the petition for interpleader, the deposit of the contested funds with the court, and the preparation of the order discharging the stakeholder." *See Bank of America, N.A. v. Jericho Baptist Church Ministries, Inc.*, No. PX 15-02953, 2017 WL 319521, at *2 (D. Md. Jan. 23, 2017) (collecting cases).

Here, however, two factors counsel against such a discretionary award of fees and costs. First, Sev1Tech disregarded this Court's express instruction to limit its fee request. Instead, Sev1Tech submitted the entirety of its billing, which consists largely of block entries that do not permit this Court to ascertain the amount of time spent on compensable tasks. For example, on June 11, 2021, Sev1Tech's counsel billed 1.8 hours for three different tasks: "Revise Complaint for Interpleader, Review issues re: citizenship of members; Email correspondence with client." ECF 39-1 at 2. One of those tasks would be compensable but two are not, and this Court has no way to determine the amount of time billed to each. The task of tracking an attorney's arguably compensable time should not and cannot rest in the first instance with this Court.

Second, from the correspondence attached to Netorian's opposition, and from the docket in this case, it does not appear that the reasons for incentivizing interpleader actions apply here. Netorian avers, and the docket corroborates, that the liens originally asserted by the defaulting Interpleader Defendants were resolved through other channels. ECF 42 at 2. Despite Netorian advising Sev1Tech of that fact before this case was even filed, Sev1Tech commenced the instant interpleader action. ECF 42-1. The result has been time and money expended on this litigation by both Sev1Tech and Netorian with no benefit realized -- the liens have now been extinguished outside of the litigation setting and none of the other Interpleader Defendants has appeared. Sev1Tech's role in the litigation will end with the filing of the order of interpleader, while Netorian

and this Court will have to continue with the default judgment process before the case can be closed. The cause of judicial efficiency has thus been stymied, not advanced, by the filing of this action, and this Court does not wish to incentivize the filing of interpleader actions when the matter can be resolved through other channels.

    For the reasons set forth above, Sev1Tech's request for attorney's fees and costs will be DENIED and a final order of interpleader will follow.


Dated: June 27, 2022

                                                 /s/
                                     Stephanie A. Gallagher
                                     United States District Judge